IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LARRY PRESTININZI,

Plaintiff,

v.

BRANDON SMITHERS, and
DAVID WEHNER,

Defendants.

Case No. 1:16-cv-01723-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge

Plaintiff Larry Prestininzi brings this cause of action against the defendants, Oregon State

Police Officers Brandon Smithers and David Wehner for unlawful search and seizure of canned

and frozen tuna from Plaintiff's store in Curry County, Oregon. The case comes before the

Court on the defendants' Motion to Dismiss (#6). The parties agree that the Complaint (#1)

should be dismissed with leave to file an amended complaint to adequately allege that a search

took place.

The Court treats defendants' Reply Brief as continuing to challenge the proposed

Amended Complaint on the basis of an administrative inspection exception to the Fourth

Amendment and on the basis of a failure to adequately plead liability for destruction of

Plaintiff's property. The Court does not find merit in either challenge. For the reasons below, the Motion to Dismiss (#6) should be GRANTED in part and DENIED in part, and Plaintiff should be given leave to file the proposed Amended Complaint.

## BACKGROUND

Plaintiff operates Lex's Landing, an RV park, convenience store, restaurant, and sports fishing facility in Gold Beach, Curry County Oregon. Plaintiff alleges that the defendants, Oregon State Police Officers Smithers and Wehner, entered Plaintiff's place of business on or about October 16, 2014, and questioned him about the sale of illegal fish. Plaintiff claims that he told Officer Smithers that he had cancelled checks to prove that he legally purchased the fish, but the officers refused to accept the check or Plaintiff's identification of the fishermen from whom he purchased the tuna. Plaintiff alleges that the defendants then proceeded to clear the store shelves of all canned tuna processed in 2013, and also seized shelves of frozen, fileted tuna from the walk-in freezer.

Plaintiff claims that he attempted to clear up the matter by providing the cancelled checks and receipts to the Curry County District Attorney's Office, but on January 29, 2015, the defendants issued Plaintiff a two-count misdemeanor citation. Following a trial on the misdemeanor charges, the court acquitted Plaintiff on both charges on December 14, 2015, based on the cancelled checks and receipts.

Plaintiff claims that he tried to request the return of his canned and frozen tuna, which had been seized by the defendants. Defendants advised Plaintiff through the district attorney's office that the seized fileted tuna had been destroyed some months after the judgment of acquittal was entered on or about February or March, 2016. Therefore, defendants returned the canned tuna, but not the frozen fish.

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to

state a claim upon which relief may be granted.  In order to state a claim for relief, a pleading

must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency

of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or

the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri*

*v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  To survive a motion to dismiss for

failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007));

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In

evaluating a motion to dismiss, the court must accept the allegations of material fact as true and

construe those allegations in the light most favorable to the non-moving party. *Odom v.*

*Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

I.     **Motion to Dismiss should be granted in part and Plaintiff given leave to file
       an amended complaint.**

Defendants move to dismiss Plaintiff's Complaint (#1) based on a failure to allege that a

search took place when the defendants entered Plaintiff's place of business and seized quantities

of canned and frozen fish.  The Court disagrees that Plaintiff failed to adequately allege that a

search occurred. However, Plaintiff has conceded this issue and requested leave to file an amended complaint to address the defendants' concerns. Defendants have agreed that the proposed amended complaint adequately resolves their motion. Therefore, that portion of the motion to dismiss (#6) should be GRANTED IN PART. Plaintiff should be granted leave to file the amended complaint as proposed.

**II.      Motion to Dismiss should be denied in part because the issue is not appropriate at the pleading stage.**

Defendants next move to dismiss the complaint by arguing that the search and seizure of Plaintiff's fish was subject to the administrative search exception. Defendants claim that the exception allows for warrantless searches and seizures on commercial property used in "closely regulated" industries. *Colonnade Catering Corp. v. United States*, 397 U.S. 72 (1970); *United States v. Biswell*, 406 U.S. 311 (1972). "The administrative search exception is applicable to warrantless searches where the search promotes an important governmental interest, is authorized by statute, and the authorizing statute and its regulatory scheme provide specific limitations on the manner and place of the search so as to limit the possibility of abuse." *Tarabochia v. Adkins*, 766 F.3d 1115, 1122 (9th Cir. 2014).

Defendants rely on ORS 506.620 as the authorizing statute in this case. ORS 506.620 provides:

> The State Fish and Wildlife Director or authorized agent may enter and inspect all canneries, cold storage houses, packing establishments, business places, boats, fishing gear, and all property used in the taking, processing and packing of food fish, for the purpose of enforcing the commercial fishing laws.

The Oregon Court of Appeals has considered the constitutionality of this statute for purposes of a motion to suppress, and found that the state has a great public interest in such regulation and that the fishing industry is pervasively regulated and "routine inspection is a

crucial part of the regulatory scheme." *State v. Westside Fish Co.*, 31 Or. App. 299, 301, 570 P.2d 401, 402 (1977). The court also found that "if inspection is to be effective and serve as a credible deterrent, unannounced, even frequent, inspections are essential." The court did not address, however, the requirement that the regulatory scheme provide specific limitations on the manner and place of the search so as to limit the possibility of abuse.

Additionally, notwithstanding the approval of the Oregon Court of Appeals, the United States Supreme Court recently noted that it has only recognized four specific "closely regulated" industries: liquor industries, firearm and ammunition sales, coal mining, and running an automobile junkyard. *City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443, 2454 (2015). The Court determined, therefore, that in order to be constitutional, the subject of an administrative search must, among other things, be afforded an opportunity to obtain precompliance review before a neutral decision-maker. Neither party sufficiently addresses this issue.

In this case it is possible, though not entirely clear, that a valid administrative exception to the general Fourth Amendment protection could apply to the search and seizure of Plaintiff's canned and frozen fish. However, defendants provide no authority for the idea that the Plaintiff must properly allege that such an exception does not apply at the pleadings state. Plaintiff does not purport to bring a facial challenge to the constitutionality of ORS 506.620, but instead claims that the search and seizure of his property was substantively unlawful. The merits of such a claim may be contested, but not decided until the dispositive motion stage of the case.

III.     **The Motion to Dismiss should be denied in part because Plaintiff adequately alleges that the defendants unlawfully destroyed his property after they seized it.**

Finally, the defendants claim that Plaintiff does not adequately allege that the defendants are liable for the destruction of Plaintiff's frozen fish. Plaintiff alleges that the defendants seized

and held certain quantities of canned tuna as well as frozen, fileted tuna.  Plaintiff alleges that,

after the trial court acquitted him of the misdemeanor charges, the defendants destroyed the

frozen tuna.  He alleges that after he requested the return of his property, defendants returned the

canned tuna, but not the frozen tuna.  Therefore, Plaintiff has adequately alleged that defendants

unlawfully destroyed the property they seized.

## RECOMMENDATION

Defendants' Motion to Dismiss (#6) should be GRANTED in part and DENIED in part.

Plaintiff should be given leave to file an amended complaint.

This Report and Recommendation will be referred to a district judge.  Objections, if any,

are due no later than fourteen (14) days after the date this recommendation is entered.  If

objections are filed, any response is due within fourteen (14) days after the date the objections

are filed.  *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive

the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


DATED this _____ day of January, 2017.


_____

MARK D. CLARKE
United States Magistrate Judge